**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**QUINCY CARPENTER, County Jail Inmate # 71028**                     **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:07-cv-282-HTW-LRA**

**STATE OF MISSISSIPPI**                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On May 21, 2007, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On May 31, 2007, an order was entered directing the plaintiff to fully complete, sign and file the attached form entitled "FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983," within twenty days.  In addition, the plaintiff was directed to complete and file the appropriate application to proceed *in forma pauperis*, within twenty days.  The plaintiff has failed to comply with this Court's order of May 31, 2007.  On August 2, 2007, an order was entered directing the plaintiff to show cause within fifteen days why this case should not be dismissed for failure to comply with the Court's order of May 31, 2007.  The plaintiff was warned in this Court's May 31, 2007, and August 2, 2007, orders that failure to timely comply with the requirements of the orders and failure to keep this Court informed of his address may lead to the dismissal of his complaint.  The plaintiff failed to comply with these orders.

On August 13, 2007, the envelope containing this Court's order was returned by the postal service with the notation "return to sender."  On September 12, 2007, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for failure to comply with this Court's May 31, 2007, and August 7, 2007, orders.  In addition, on September 25, 2007, the envelope containing this Court's order was returned by the postal service

with the notation "return to sender."  The plaintiff has failed to comply with any order of this Court to date.

This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the defendant has never been called upon to respond to plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006) .

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 31st day of October, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE